UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
BENNIE GIBSON,                                    NOT FOR PUBLICATION

             Petitioner,          **MEMORANDUM AND ORDER**
                                    15-CV-6335 (KAM)
     -against-

STATE OF NEW YORK,[1]

             Respondent.
------------------------------------x
**MATSUMOTO, United States District Judge:**

        Petitioner Bennie Gibson,[2] currently incarcerated at the Robert N. Davoren Complex on Rikers Island, brings this *pro se* petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1, Petition ("Pet.").) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of this petition and, for the reasons set forth below, determines that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court grants petitioner's request to proceed *in forma pauperis* and directs petitioner to show cause within 60 days of

---

[1] The proper respondent in a habeas corpus action is petitioner's present custodian.

[2] The court notes that although petitioner is barred from filing any future complaint unless he demonstrates imminent danger of serious physical injury, *see Gibson v. Weiss*, 01-CV-8382 (SJ), that order is not applicable to the instant § 2254 petition.

1

the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## Discussion

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); *see Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 appears to be time-barred under the Act. On March 10, 2010, petitioner was convicted after a jury trial in the Supreme Court of the State of New York, Queens County, of criminal mischief in the third degree, petit larceny, and possession of burglar's tools. *See* (Pet. ¶¶ 1-3); *People v. Gibson*, 964 N.Y.S.2d 611 (App. Div. 2d Dep't 2013). The Appellate Division, Second Department, affirmed the conviction on May 8, 2013. *See Gibson*, 964 N.Y.S.2d at 612. Although an appeal dismissed by the Appellate Division may be appealed to the New York State Court of Appeals, N.Y. Crim. Proc. Law § 470.60, an application for leave to appeal to that court must be made within thirty days after service of the order of dismissal on the appellant. N.Y. Crim. Proc. Law § 460.10(5). At paragraph 11(e) of his petition, petitioner states he did not appeal to the New York State Court of Appeals. Accordingly, the judgment of conviction became final on or about Friday, June 7, 2013, when the time for filing an application for leave to appeal to the Court of Appeals expired. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (affirming that the expiration of the 30-day limit to file appeal marks the beginning of the AEDPA limitations period (citing N.Y. Crim. Proc. Law. § 460.10(1)(a))).

In order to be timely, the instant petition would have to have been filed in this court on or before June 7, 2014. Instead, this petition, dated October 24, 2015,[3] was filed over a year after the one-year limitations period had already expired. Therefore, unless the petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

## **Statutory Tolling**

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start anew the one-year statute of limitations period. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *See Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Petitioner appears to allege that he filed at least two motions to vacate his judgment pursuant to N.Y.

---

[3] Petitioner lists two dates for his petition, September 16, 2015 and October 24, 2015. The petition's signed affidavit of service states it was placed in the Rikers Island internal mail system on October 24, 2015. Under the "prison mailbox" rule, a *pro se* habeas petition is deemed filed on "the date of delivery to prison authorities." *Walker v. Jastremski,* 430 F.3d 560, 562 & n. 1 (2d Cir. 2005) (citing *Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir. 1993)); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

Crim. Pro. Law § 440.10. (Pet. ¶¶ 9, 11.) However, the dates petitioner filed said motions and the dates they were denied are unclear. The court therefore cannot determine if there is a basis for statutory tolling.

### **Equitable Tolling**

In order to be eligible for equitable tolling, a habeas petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010); *Harper v. Ercole*, 648 F.3d 132, 136-38 (2d Cir. 2011). This Circuit has previously held that equitable tolling should be applied only in "rare and exceptional circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). On the present record, there is no basis for equitable tolling.

## Conclusion

Accordingly, the court directs petitioner to show cause by written affirmation,[4] within 60 days from the date of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006) (citing *Acosta v. Artuz*, 221 F.3d 117, 124-125 (2d Cir. 2000)) (before acting on its own initiative to dismiss petition as untimely, the court must accord the parties fair notice and an opportunity to present their positions).

In the affirmation, petitioner should clearly state the dates that he filed the Section 440 motions listed in his petition and the dates that said motions were denied. If petitioner has a basis to equitably toll the limitations period, he should clearly and concisely state his reasons, including all relevant facts and dates. No response or answer from the respondent shall be required at this time and all further proceedings shall be stayed for 60 days to allow petitioner to comply with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

---

[4] An affirmation form is attached to this order for petitioner's convenience.

The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on petitioner and note such service on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
       December 2, 2015

                                    _____/s/_____
                                    KIYO A. MATUSMOTO
                                    United States District Judge

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
BENNIE GIBSON,

                Petitioner,            **PETITIONER'S AFFIRMATION**
                                       15-CV-6335 (KAM)
        -against-

STATE OF NEW YORK,

                Respondent.
----------------------------------x

STATE OF _____    }
COUNTY OF _____     } SS:
```

BENNIE GIBSON, appearing *pro se*, makes the following affirmation under the penalties of perjury:

I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____.

I filed _____ (number of § 440) motions. The first § 440 motion was filed on the following date _____, and decided on the following date _____. The second § 440 motion was filed on the following date _____, and decided on the following date _____.

The instant petition should not be time-barred by the one-year statute of limitations because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____          _____
                                 Signature

                                 _____
                                 Address
                                 _____

                                 _____
                                 City, State & Zip