```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
------------------------------------X

BENNIE GIBSON,

              Petitioner,          NOT FOR PUBLICATION

                                 **MEMORANDUM & ORDER**

     -against-

                                   15-CV-6335 (KAM)

STATE OF NEW YORK,

              Respondent.

------------------------------------X

**MATSUMOTO, United States District Court Judge**

       On October 28, 2015, petitioner Bennie Gibson,[1] currently incarcerated at the Robert N. Davoren Complex ("RNDC") at Rikers Island and proceeding *pro se*, filed the instant petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. By order dated December 2, 2015, the court granted petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directed petitioner to show cause why the petition should not be dismissed as time-barred. (ECF No. 5, Order dated 12/2/15.)

---

[1] The court notes that although petitioner is barred from filing any future complaint unless he demonstrates imminent danger of serious physical injury, *see Gibson v. Weiss*, 01-CV-8382 (SJ), that order is not applicable to the instant § 2254 petition.

On January 7, 2016, petitioner filed an affirmation asserting that the one-year statute of limitations applicable to his petition should be tolled. (ECF No. 7, Petitioner's Affirmation ("Aff.").) Petitioner also argues that he should be able to pursue his constitutional claims based on a showing of actual innocence. (*Id.*) On January 19, 2016, petitioner filed a letter in support of his affirmation. (ECF No. 8, Letter dated 1/12/16.) Upon review of petitioner's affirmation and letter in support, it is clear that the instant § 2254 petition is not timely, and the arguments presented in petitioner's affirmation are insufficient to warrant statutory tolling, equitable tolling, or a finding that plaintiff can make a credible showing of actual innocence. Therefore, for the reasons discussed below, the petition for a writ of habeas corpus is dismissed as time-barred.

## **Discussion**

With the passage of The Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); *see Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

On March 10, 2010, petitioner was convicted after a jury trial in the Supreme Court of the State of New York, Queens County, of criminal mischief in the third degree, petit larceny, and possession of burglar's tools. (*See* Pet. ¶¶ 1-3); *People v. Gibson*, 964 N.Y.S.2d 611 (App. Div. 2d Dept. 2013). The Appellate Division, Second Department, affirmed the conviction on May 8, 2013. *See Gibson*, 964 N.Y.S.2d at 612. Although an appeal dismissed by the Appellate Division may be appealed to the New York State Court of Appeals, N.Y. Crim. Proc. Law §

470.60, an application for leave to appeal to that court must be made within thirty days after service of the order of dismissal on the appellant. N.Y. Crim. Proc. Law § 460.10(5). At paragraph 11(e) of his petition, petitioner states he did not appeal to the New York State Court of Appeals. Accordingly, the judgment of conviction became final on or about Friday, June 7, 2013, when the time for filing an application for leave to appeal to the Court of Appeals expired. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (affirming that the expiration of the 30-day limit to file appeal marks the beginning of the AEDPA limitations period (citing N.Y. Crim. Proc. Law. § 460.10(1)(a))).

In order to be timely, the instant petition would have to have been filed in this court on or before June 7, 2014. Instead, this petition, dated October 24, 2015,[2] was filed over a year after the one-year limitations period had already expired. Therefore, unless the petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

---

[2] Petitioner lists two dates for his petition, September 16, 2015 and October 24, 2015. The petitioner's signed affidavit of service states the petition was placed in the Rikers Island internal mail system on October 24, 2015. Pursuant to the "prison mailbox" rule, a *pro se* habeas petition is deemed filed on "the date of delivery to prison authorities." *Walker v. Jastremski,* 430 F.3d 560, 562 & n. 1 (2d Cir. 2005) (citing *Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir. 1993)); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

4

### A. Statutory Tolling

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Petitioner's affirmation asserts that he filed a motion pursuant to N.Y. Crim. Proc. Law § 440.10 in August or September 2014, and that the motion was denied in July 2015. (Aff. at 1.) As previously noted, petitioner's judgment of conviction became final on or about Friday, June 7, 2013, when the time for filing an application for leave to appeal to the Court of Appeals expired. In order to be timely, the instant petition would have to have been filed in this court on or before June 7, 2014, but petitioner alleges that he filed his § 440 motion in August or September 2014. (*Id.*) Even allowing for the earlier filing date of August 2014, petitioner's § 440

motion was filed after the one-year limitations period had already expired.

Therefore, the § 440 motion cannot be counted for statutory tolling purposes under 2244(d)(2). *See Doe v. Menefee,* 391 F.3d 147, 154 (2d Cir. 2004) (a state collateral proceeding commenced after the statute of limitations has run does not reset the limitations period); *Smith,* 208 F.3d at 16–17 & n.2; *Matos v. Superintendent, Washington Correctional Facility*, No. 13 CV 2326, 2014 WL 5587518, at *2 (E.D.N.Y. Nov. 3, 2014).

**B. Equitable Tolling**

Even if petitioner's action would otherwise be time-barred by the AEDPA, his claim can be heard on the merits if he is entitled to equitable tolling. In order to be eligible for equitable tolling, a habeas petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Dillon v. Conway,* 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida,* 560 U.S. 631 (2010)); *Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010). This Circuit has held that equitable tolling should be applied only in "rare and exceptional circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Smith*, 208 F.3d at 17).

Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *see also Jenkins*, 630 F.3d at 303. Petitioner provides no facts to warrant equitable tolling, and the court finds none.

**C. Actual Innocence**

The court must further consider petitioner's assertion of actual innocence to determine if his claims can be heard on the merits despite their time-barred status. *See McQuiggin v. Perkins,* -- U.S. --, 133 S.Ct. 1924, 1931 (2013) ("a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."); *Schlup v. Delo*, 513 U.S. 298 (1995); *Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012); *Trisvan v. Ercole*, No. 07 CV 4673, 2015 WL 419685, at *1 (E.D.N.Y. Jan. 30, 2015).

In support of his argument of actual innocence, petitioner asserts that at trial, respondent failed to produce a map of the area where wire was allegedly cut. (Aff. at 2.)

7

Instead, he alleges that respondent showed a map of an area that was one mile away from the location of the crime scene. (*Id.*) Petitioner additionally asserts that the Queens County trial judge was corrupt and that the "NYPD was covering up for a group of individuals who were working with the NYPD committing crimes by setting up [petitioner]." (*Id.* at 3.) Petitioner's affirmation presents no new or credible evidence that makes it more likely than not that no reasonable juror presented with that evidence would have convicted the petitioner. *See Schlup*, 513 U.S. at 327. Here, beyond his unsupported assertions, petitioner fails to make a credible showing of actual innocence, and petitioner is not entitled to tolling of the statute of limitations to excuse the lateness of his petition.

### Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253 (c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107 (2d Cir. 2000); *Lozada v. United States*, 107 F.3d 1011 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez,* 129 F.3d 255, 259-60 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:    February 16, 2016
          Brooklyn, New York

                                                      /s/
                                      **KIYO A. MATSUMOTO**
                                      United States District Judge
                                      Eastern District of New York