UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

BENNIE GIBSON,

                Petitioner,

    -against-

STATE OF NEW YORK,

                Respondent.

---------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

15-CV-6335 (KAM)

**MATSUMOTO, United States District Court Judge**

        On October 28, 2015, petitioner Bennie Gibson,[1] currently incarcerated at the Robert N. Davoren Complex at Rikers Island and proceeding *pro se*, filed the instant petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1, Petition ("Pet.").) By order dated February 16, 2016, the court denied the petition as time-barred by the one-year statute of limitations as set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (ECF No. 9, Memorandum and Order ("2/16/16 Order").) On March 2, 2016, petitioner filed a motion for reconsideration. (ECF No. 12, Motion for

---

[1] The court notes that although petitioner is barred from filing any future complaint unless he demonstrates imminent danger of serious physical injury, *see Gibson v. Weiss*, 01-CV-8382 (SJ), that order is not applicable to the instant § 2254 petition.

Reconsideration.)  For the reasons that follow, the motion for reconsideration is denied.

**I. Background**

On March 10, 2010, petitioner was convicted after a jury trial in the Supreme Court of the State of New York, Queens County, of criminal mischief in the third degree, petit larceny, and possession of burglar's tools.  (*See* Pet. ¶¶ 1-3); *People v. Gibson*, 964 N.Y.S.2d 611 (App. Div. 2d Dept. 2013).  The Appellate Division, Second Department, affirmed the conviction on May 8, 2013.  *See Gibson*, 964 N.Y.S.2d at 612.  The judgment of conviction became final on or about June 7, 2013, when the time for filing an application for leave to appeal to the Court of Appeals expired.  In order to be timely, the instant petition would have to have been filed in this court on or before June 7, 2014.  Instead, the petition was filed on October 28, 2015.

In finding petitioner's claim time-barred, the court recognized that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted."  (2/16/16 Order at 5 (citing 28 U.S.C. § 2244(d)(2)).)  In an affirmation filed in support of his petition, petitioner alleged that he filed a post-conviction motion pursuant to N.Y. Crim. Proc. Law § 440.10 (the "§ 440.10 motion") in "August or September 2014," and that the § 440.10

motion was denied in July 2015. (ECF No. 7, Petitioner's Affirmation dated 1/7/16.) Based on this information, the court concluded that statutory tolling did not operate to toll the AEDPA's statute of limitations because petitioner's § 440.10 motion was filed in August or September 2014, at least two months after the one-year limitations period expired on June 7, 2014. (*See* 2/16/16 Order at 5-6.)

## II. Legal Standard

In the Eastern District of New York, Local Rule 6.3 requires a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." A motion for reconsideration "must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Mallet v. Miller*, 438 F. Supp. 2d 276, 277 (S.D.N.Y. 2006) (citing *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (citing cases). Thus, "a Local Rule [6.3] motion may not advance new facts, issues, or arguments not previously presented to the court." *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 171 F.R.D. 79, 82 (S.D.N.Y. 1997). Local Rule 6.3 "is to be narrowly construed

and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id.*

### III. Discussion

Petitioner's motion for reconsideration cites no controlling law or factual matters the court overlooked that might reasonably be expected to alter the outcome of the 2/16/16 Order. Instead, petitioner asserts that his habeas petition provided "erroneous information" regarding the dates of his § 440.10 motion, and that the one-year limitations period applicable to his petition should be statutorily tolled based on the corrected date.

Petitioner now asserts that he filed his § 440.10 motion for post-conviction relief in February or March 2014. (Motion for Reconsideration at 3.) However, publicly available records from the Supreme Court, Queens County establish that plaintiff filed his § 440.10 motion on June 20, 2014. (*See* Notice of § 440.10 Motion dated 6/20/2014, *People v. Bennie Gibson*, Indictment No. 285-09, Docket No. 2008QN044065, N.Y. Sup. Ct., Queens Cnty.) The Supreme Court, Queens County denied the § 440.10 motion on October 2, 2014. (Motion for Reconsideration at 4.) Petitioner's appeal of the Supreme Court's denial of his § 440.10 motion was dismissed by the Appellate Division, Second Department on November 18, 2014. (*Id.; see also* ECF No. 12-1, Decision & Order on Motion

dismissing appeal dated 11/18/2014, *People v. Bennie Gibson*, No. 2014-10205, App. Div. 2d Dept.)  On July 23, 2015, the Appellate Division, Second Department denied petitioner's application for a certificate for leave to appeal the New York Supreme Court's decision.  (*See* Motion for Reconsideration at 4; Decision & Order on Application dated 7/23/2015, *People v. Gibson*, No. 2014-11276, App. Div. 2d Dept.)

This court's February 16, 2016 Order finding that petitioner's § 440.10 motion did not statutorily toll the limitations period was based on petitioner's representation that he filed his § 440.10 motion in "August or September 2014" (i.e., after the AEDPA's limitations period expired).  Although petitioner's motion for reconsideration incorrectly argues he filed the § 440.10 motion in March or April 2014, the court will re-consider whether the limitations period was statutorily tolled based on the correct filing date of the § 440.10 motion, June 20, 2014.

The AEDPA's statute of limitations began to run on or about June 7, 2013, when the time for filing an application for leave to appeal expired.  The grace period expired one year later, on June 7, 2014.  Petitioner filed his § 440.10 motion on June 20, 2014.  The § 440.10 motion did not toll the statute of limitations because petitioner filed the motion after the June 7, 2014 expiration of the grace period.  Thus, the statute of

5

limitations had already expired (and continued to run) when the Appellate Division, Second Circuit denied the § 440.10 motion on July 23, 2015. Petitioner did not file the instant petition until October 2015, and provides no reason for his tardy filings. Accordingly, Section 2244(d)(2) did not operate to toll the one-year statute of limitations for petitioner's habeas claim.

Petitioner also seeks reconsideration of the court's finding that petitioner failed to make a credible showing of actual innocence. The February 16, 2016 Order found that petitioner "presents no new or credible evidence that makes it more likely than not that no reasonable juror presented with that evidence would have convicted the petitioner." (2/16/16 Order at 8.) Because Mr. Gibson fails to identify any error of law, facts that were overlooked by the court, or other extraordinary circumstances, his motion for reconsideration on actual innocence grounds is denied.

## **Conclusion**

For the foregoing reasons, the court denies petitioner's motion for reconsideration of the dismissal of his petition for a writ of habeas corpus. This case shall remain closed. Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue because petitioner has not made a "substantial showing" of a

denial of constitutional right.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Petitioner's motion for an extension of time to file a notice of appeal (ECF No. 17) is denied as moot.  Petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit.  *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

Dated:   May 9, 2016
         Brooklyn, New York

                                          /s/
                                          **KIYO A. MATSUMOTO**
                                          United States District Judge
                                          Eastern District of New York